**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| ELAINE LAWS and KIMBERLY DUBARD, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>CASINO QUEEN, INC.,<br><br>　　　　　　Defendant. | Case No. |

**CLASS ACTION COMPLAINT**

Plaintiffs Elaine Laws and Kimberly Dubard (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, by and through undersigned counsel, bring this class action lawsuit for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), against Defendant Casino Queen, Inc. ("Casino Queen"). Plaintiffs respectfully allege the following facts based upon personal knowledge, due investigation of their counsel, and, where indicated, on information and belief:

**NATURE OF THE ACTION**

1.　　Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Casino Queen in capturing, collecting, storing and using Plaintiffs' and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without first obtaining informed

---

[1]　　A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, and "face geometry," among others.

[2]　　"Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2. Casino Queen is a riverfront gaming operation located in East St. Louis, Illinois.

3. In 2017, Casino Queen had gross receipts of more than $100 million dollars and admitted more than one million patrons.

4. In 2018, Casino Queen had gross receipts of more than $96 million and admitted approximately 954,000 patrons.[3]

5. Casino Queen used facial recognition technology at its East St. Louis casino to capture and to collect the facial geometry of every patron, including Plaintiffs, who appeared before one of Defendant's surveillance cameras equipped with this technology.

6. In promulgating BIPA over a decade ago, the Illinois Legislature declared that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

7. In recognition of these and other concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity -like Defendant- may *not* obtain and/or possess an individual's biometrics unless it: (i) informs that person in writing that biometric identifiers or information will be collected or stored; (ii) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (iii) receives a written

---

[3] Illinois Gaming Board, 2018 Annual Report.

release from the person for the collection of his or her biometric identifiers or information; and (iv) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

8. Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id*. 15/15(c).

9. In direct violation of each of the foregoing provisions of 740 ILCS 15(a) and (b) of BIPA, Casino Queen is actively collecting, capturing, storing, and using–without providing notice, obtaining informed written consent or publishing data retention policies–the facial geometry and associated personally identifying information of hundreds of thousands of its customers with surveillance cameras installed at its casino in East St. Louis, Illinois.

10. Plaintiffs, on behalf of themselves and the class as defined herein, brings this action to prevent Casino Queen from further violating the privacy rights of citizens in the state of Illinois, and to recover statutory damages for Casino Queen's unauthorized collection, capture, storage and use of individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2) ("CAFA"), because (i) at least one member of the Class is a citizen of a different state than Defendant, (ii) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

12. Defendant Casino Queen is subject to the personal jurisdiction of this Court because it is an Illinois corporation registered to do business with the State of Illinois, regularly transacts business within the State of Illinois, and has purposefully availed itself of the laws of Illinois for the specific transactions at issue.

13. Venue is proper under U.S.C. § 1391(b)(1) because the events giving rise to the claim occurred in this District.

## PARTIES

14. Plaintiff Elaine Laws is, and has been at all relevant times, a resident and citizen of Belleville, Illinois.

15. Plaintiff Kimberly Dubard is, and has been at all relevant times, a resident and citizen of Fayetteville, North Carolina.

16. Defendant Casino Queen is an Illinois corporation with its headquarters at 200 S. Front Street, East St. Louis, Illinois, 62201.

## BACKGROUND

**I.  Illinois's Biometric Information Privacy Act**

17. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

4

>  (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15 (b).

18. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

*Id*. at 14/15(a).

19. Under BIPA, "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

20. "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual.

21. As alleged below, Casino Queen's practices of collecting, storing and using individuals' biometric identifiers (specifically, facial geometry) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA.

22. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

**II.  Defendant Utilizes Biometric Facial Recognition Software Throughout its Casino**

23. Defendant operates a four-story riverfront hotel and casino in East St. Louis, Illinois, which consists of 40,000 square feet of gaming space with a variety of table games and slot and video poker machines.

5

24. According to published reports, Defendant receives approximately one million patrons per year–an average of more than 2,500 a day–who spend an estimated $100 million in gaming with the casino.[4]

25. Defendant has installed surveillance cameras on its casino floors and at the entrances of the casino.

26. On due investigation and information and belief, the surveillance cameras installed by Defendant utilize biometric facial recognition software which scans the face geometry of their patrons.

27. Defendant's biometric facial recognition software works as follows: Defendant's surveillance cameras scan and capture the face geometry of patrons entering the casino and then cross-reference that face geometry with the face geometry of individuals stored in their database.

28. Defendant's employees, who monitor the casino, are notified when the face geometry of a patron at the casino matches the face geometry of an individual in the database.

29. Defendant positions its surveillance cameras equipped with facial recognition software in areas that would enable them to capture and to collect the highest number of face geometry scans.

### III.    Defendant's Biometric Facial Recognition Software Violates BIPA.

30. In direct violation of § 15(b)(1) of BIPA, Casino Queen scans and collects, and then stores in an electronic database, copies of its patrons' face geometry when they visit Defendant's casino – all without ever asking for the requisite prior express consent.

---

[4] *See, e.g.,* Illinois Gaming Board, 2018 Annual Report.

31.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed patrons who had their facial geometry collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used.

32.     In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**IV.     Representative Plaintiffs' Specific Experiences**

    **A.     Plaintiff Elaine Laws' Experience**

33.     Plaintiff Elaine Laws gambled at Defendant's Casino Queen approximately 400 times in the last four years.  The last time she visited the Casino Queen was October 2019.

34.     Plaintiff is a member of Defendant's rewards program.

35.     Defendant's facial recognition technology scanned, captured and collected Plaintiff's face geometry from surveillance camera footage and stored a facial geometry template for Plaintiff.

36.     Each time Plaintiff gambled at Casino Queen, Defendant's facial recognition technology scanned Plaintiff's facial geometry and compared those scans against stored facial geometry templates in Defendant's databases.

37.     Defendant did not inform Plaintiff in writing that it was capturing and collecting the biometrics of individuals patronizing the Casino Queen, the purpose and length of time for such collection, nor did Defendant obtain Plaintiff's or the class members' written consent before capturing their facial geometry information.

38.     Defendant never made publicly available a written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiff's and the class members' facial geometry.

39. Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of Plaintiff's unique biometric identifiers or biometric information.

40. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or to prevent the collection, storage or use of her unique biometric identifiers or biometric information.

41. By collecting her unique biometric identifiers or biometric information without Plaintiff's consent, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

42. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information and does not make any such policy publicly available.

### B. Plaintiff Kimberly Dubard's Experience

43. Plaintiff Kimberly Dubard gambled at Defendant's Casino Queen approximately 100 or more times in the last four years. The last time she visited the Casino Queen was in August of 2019.

44. Plaintiff is a member of Defendant's rewards program and uses her rewards card during most visits to Defendant's casino.

45. Defendant's facial recognition technology scanned, captured and collected Plaintiff's face geometry from surveillance camera footage and stored a facial geometry template for Plaintiff.

46. Each time Plaintiff gambled at Casino Queen, Defendant's facial recognition technology scanned Plaintiff's facial geometry and compared those scans against stored facial geometry templates in Defendant's databases.

47. Defendant did not inform Plaintiff in writing that it was capturing and collecting the biometrics of individuals patronizing the Casino Queen, the purpose and length of term for such collection, nor did Defendant obtain Plaintiff's or the class members' written consent before capturing their facial geometry information.

48. Defendant never made publicly available a written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiffs' and the class members' facial geometry.

49. Plaintiff never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of Plaintiffs' unique biometric identifiers or biometric information.

50. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or to prevent the collection, storage or use of her unique biometric identifiers or biometric information.

51. By collecting her unique biometric identifiers or biometric information without Plaintiffs' consent, Defendant invaded Plaintiffs' statutorily protected right to privacy in her biometrics.

52. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information and does not make any such policy publicly available.

## **CLASS ALLEGATIONS**

53. Plaintiffs brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their face geometry collected, captured, received, or otherwise obtained, by Defendant in Illinois within the last five years.

54. **Numerosity**: the number of persons within the Class is substantial, believed to amount to hundreds and likely thousands of persons or more. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

55. **Commonality & Predominance**: there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> (a) whether Defendant captured, collected, or otherwise obtained Plaintiffs' and the Class' biometric identifiers or biometric information;
>
> (b) whether Defendant properly informed Plaintiffs and the Class that it captured, collected, used, and stored their biometric identifiers or biometric information;
>
> (c) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to capture, collect, use, and store Plaintiffs' and the Class' biometric identifiers or biometric information;
>
> (d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;
>
> (e) whether Defendant used Plaintiffs' and the Class' biometric identifiers or biometric information to identify them; and
>
> (f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

56. **Typicality and Adequate Representation**: Plaintiffs, who like other members of the putative class, had their biometric identifiers captured and retained by Defendant, has claims

that are typical of the class. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex privacy class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

57. **Superiority**: a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to invest the time and expense necessary to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the maintenance of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

69. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

70. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

71. Defendant fails to comply with these BIPA mandates.

72. Defendant is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

73. Plaintiffs are individuals who had their "biometric identifiers" collected by each Defendant, as explained in detail in above. See 740 ILCS 14/10.

74. Plaintiffs' biometric identifiers were used to identify Plaintiffs and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

75. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. See 740 ILCS 14/15(a).

76. Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and have not and will not destroy Plaintiffs' and the Class's biometric data when the initial purpose for collecting or

12

obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

77. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

///

///

///

### COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

78. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

79. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release

executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

80. Defendant fails to comply with these BIPA mandates.

81. Defendant is an Illinois corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

82. Plaintiffs and the Class are individuals who have had their "biometric identifiers" collected by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

83. Plaintiffs' and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

84. Defendant systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

85. Defendant never informed Plaintiffs and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiffs and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

86. By collecting, storing, using and disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

87. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by

requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Elaine Laws, Kimberly Dubard, and Tammy Dunse, on behalf of themselves and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representatives of the Class, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, inter alia, an Order requiring Defendant to comply with BIPA;

E. Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

Dated: November 5, 2019

Respectfully submitted,

ELAINE LAWS and KIMBERLY DUBARD

*/s/ Jo Anna Pollock*
Trent B. Miracle (IL 6281491)
Jo Anna Pollock (IL 6273491)
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2251
tmiracle@simmonsfirm.com
jpollock@simmonsfirm.com

-and-

Mitchell M. Breit
**SIMMONS HANLY CONROY**
112 Madison Avenue
New York, NY 10016
(212) 784-6400
(212) 213-5949

*Pro Hac Vice forthcoming*

-and-

Gary M. Klinger*
**KOZONIS & KLINGER, LTD.**
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 773.545.9607
Fax: 773.496.8617
gklinger@kozonislaw.com

*Attorneys for the Plaintiffs and the Proposed Class*Pro hac vice forthcoming*